UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD K. PLATO,

        Petitioner,                                **REPORT AND**
                                                           **RECOMMENDATION**
-vs-                                                  **No. 05-CV-6413(CJS)(VEB)**

JAMES MORRISSEY,

        Superintendent,

## I. Background

*Pro se* petitioner Richard K. Plato ("Plato" or "petitioner") was arrested on September 17, 1999, in the Town of Irondequoit, New York, for felony driving while intoxicated ("DWI"), second degree criminal mischief, first degree aggravated unlicensed operation of a vehicle, reckless driving, passing a red light, driving without a license, and failure to yield to an emergency vehicle. Apparently, Plato had a flat tire and was driving on his car rim when the police tried to stop him. Plato attempted to evade capture and then intentionally rammed his car into the police cruiser, causing damage to the vehicle and physical injury (neck and back pain) to the officer. Upon the advice of counsel, Plato waived indictment and pled guilty to one count of second degree criminal mischief on June 27, 2000. On July 14, 2000, the trial court imposed the negotiated sentence of three and one-half to seven years, and Plato, despite being a second felony offender, was immediately placed into a substance-abuse program.

Plato did not move to withdraw the plea or object to the sentence. He also forewent a direct appeal of his conviction.

In February 2003, Plato was released from the drug treatment program to parole

supervision. He violated the terms of his parole and reincarcerated. He was released again on August 25, 2005, and is currently on parole, residing in Rochester, New York. He filed the instant habeas petition while he was incarcerated with regard to the parole violation.

Meanwhile, on August 7, 2003, Plato filed his first post-conviction challenge–a *pro se* motion to set aside the sentence pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.20. The basis for his motion was information he had obtained from the insurance company indicating that it had paid out damages to the police department in the amount of $1,106.70, less than the statutory of threshold of $1,500.00 under N.Y. Penal Law § 145.10. The crime of criminal mischief in the second degree is committed when, with intent to do so, one damages the property of another in an amount exceeding $1,500. N.Y. Penal Law § 145.10. Essentially, Plato argued that the prosecution failed to offer legally sufficient evidence to demonstrate that the property defendant allegedly damaged was valued at more than $1,500, a required element of criminal mischief in the second degree. "In a criminal mischief case, the amount of damage is generally measured by the reasonable cost of repairing the damaged property, provided it can be repaired." *People v. Garcia*, 29 A.D.3d 255, 263, 812 N.Y.S.2d 66, 72 (App. Div. 1st Dept. 2006) (citation omitted)).

On October 16, 2003, Monroe County Court Judge Elma Bellina denied the motion, finding that the conviction and sentence were still valid, and that Plato's proffered documentation from the insurance company did not constitution "newly discovered evidence" within C.P.L. § 440.10. *E.g.*, *People v. Gurley*, 197 A.D.2d 534, 535, 602 N.Y.S.2d 184, 185 (App. Div. 2d Dept. 1993) ("To be considered 'newly discovered' evidence sufficient to warrant vacating a judgment of conviction pursuant to CPL 440.10(1)(g), the evidence in question must

meet the six criteria set forth in *People v. Salemi*, 309 N.Y. 208, 216, 128 N.E.2d 377, *cert. denied*, 350 U.S. 950 . . . [(1956)], specifically, (1) it must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the the [sic] trial, (3) it must be such as could have not been discovered before the trial by the exercise of due diligence, (4) it must be material to the issue, (5) it must not be cumulative to the former issue, and (6) it must not be merely impeaching or contradicting the former evidence."). Specifically, Plato failed to demonstrate that he could not have discovered the evidence before trial, even with the exercise of due diligence, since the insurance company file documents, including the damages check, clearly were in existence and available to him at that time, and certainly years before he filed his C.P.L. § 440.10 motion in 2003.

Plato subsequently filed a second C.P.L. § 440.10 motion, raising substantially the same claims. New York Supreme Court Justice Kenneth Fisher denied the application on September 20, 2005, noting that the insurance company's payment of a loss claim below the $1,500 statutory threshold was not necessarily indicative of the out-of-pocket loss sustained by the police department in this case. *See* N.Y. PENAL LAW § 145.10 ("A person is guilty of criminal mischief in the second degree when with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he has such right, he damages property of another person in an amount exceeding one thousand five hundred dollars. Criminal mischief in the second degree is a class D felony."). The C.P.L. § 440.10 court noted that there was no information shown regarding the deductible amount or the extent to which the payment

covered all of the actual physical loss actually caused by petitioner.[1] Furthermore, the evidence was not newly discovered in that it was available to Plato at the time of his plea, and any difficulty he later experienced in obtaining it was due to the passage of time between the original claim and his request for the file.

Plato then filed this habeas petition

**II.     Jurisdiction**

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (quotation omitted; citing 28 U.S.C. § 2254(a) (emphasis in original); *see also Carafas v. LaValee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) ("The federal habeas federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."). In this regard, the Supreme Court and the Second Circuit have recognized that a prisoner who has been released from physical custody but has been placed on parole/supervised release remains "in custody" for habeas purposes where such status results in restrictions on freedom and liberty. *Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989); *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994). To do this, the petitioner must be in custody pursuant to the challenged judgment when the petition for

---

[1] I note that Plato was a second felony offender who, in addition to second degree criminal mischief, was charged with felony DWI, aggravated unlicensed operation of a vehicle in the first degree, reckless driving, and number of other offenses. The plea to criminal mischief second with a sentence promise of three and one-half to seven years, which ultimately resulted in no jail time (until he violated his parole terms), was an extremely favorable outcome for Plato, given his recidivist status.

collateral review is filed. *Id.* Physical confinement is not necessary to satisfy the "in custody" requirement; a petitioner who is on parole or serving a term of supervised release is "in custody" for the purposes of the federal habeas corpus statutes. *Id.*

Here, Plato was on supervised parole release up until 2003, at which time he was reincarcerated for violating the terms of his parole. He was "in custody" under that parole violation in 2005 when he filed his federal habeas petition. Therefore, it can be said that he was "'in custody' under the conviction or sentence under attack at the time his petition [was] filed." *Maleng v. Cook*, 490 U.S. at 490-91 (holding that petitioner must not only be in custody, such custody must be based on the government action he is attacking by way of the habeas petition).

Plato has been released during the pendency of this habeas petition, but he is still under parole supervision. As such, his release raises the question of whether this petition is moot because it no longer satisfies the case or controversy requirement of Article III, § 2 of the U.S. Constitution. As with all litigants in federal court, Petitioner must satisfy the case or controversy requirement of Article III, § 2, of the Constitution in order to be eligible for relief. A case becomes moot if, at any stage of the proceedings, it fails to satisfy the case-or-controversy requirement. *Kamagate v. Ashcroft*, 385 F .3d 144, 150 (2d Cir.2004) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)); *accord Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 51 (2d Cir.2004)).

In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a concrete and continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ must exist. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *accord Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir. 2002). The Supreme Court has stated that a challenge to the conviction itself carries the presumption that a collateral

consequence, such as parole or probation, exists. *Spencer v. Kemna*, 523 U.S. at 8. At the present time, Plato continues to bear certain adverse collateral consequences of his criminal conviction in terms of continuing restraints on his liberty–namely, conditional release to parole supervision. Therefore, I find that the petition is not presently moot.

**III.    Timeliness**

For the reasons that follow, I recommend finding that the petition is time-barred. A petition for a writ of habeas corpus by a person in custody pursuant to a state court judgment is subject to a one-year limitations period. 28 U.S.C. § 2244(d)(1).[2] The limitations period is tolled during the pendency of a properly filed petition for collateral review in state courts [pursuant to 28 U.S.C. § 2244(d)(2)], *see Artuz v. Bennett*, 531 U.S. 4, 8-11, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), *affirming Bennett v. Artuz*, 199 F.3d 116 (2d Cir.1999), but not during the pendency of an earlier habeas petition filed in federal court, *see Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)." *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002).

Turning to 28 U.S.C. § 2244(d)(1)(A), which is the typical provision for calculating the

---

[2]    "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. 2244(d)(1)(A)-(D).

date on which a conviction becomes final, "[i]n [Plato's] case, the one-year limitations period began running on [August 14, 2000], when [petitioner]'s time for filing a notice of appeal from his judgment of conviction expired, *see* N.Y. Crim. Proc. Law § § 460.10(1).[3]" *Bethea*, 293 F.3d at 578.[4] The judgment of conviction was entered on July 14, 2000, and, pursuant to N.Y. Crim. Proc. Law § 460.10(1), Plato had 30 days in which to file his notice of appeal. *See Bethea v. Girdich*, 293 F.3d at 578. Accordingly, absent any tolling, the one-year period of limitations would have expired on July 14, 2001. Notably, Plato never moved for permission to file a late notice of appeal, and it does not appear that he qualifies under that statutory section, *see* N.Y. CRIM. PROC. LAW § 460.30, in any event.[5]

---

[3] "Except as provided in subdivisions two and three [of N.Y. Crim. Proc. Law § 460.10], an appeal taken as of right to an intermediate appellate court or directly to the court of appeals from a judgment, sentence or order of a criminal court is taken as follows:

(a) A party seeking to appeal from a judgment or a sentence or an order and sentence included within such judgment, or from a resentence, or from an order of a criminal court not included in a judgment, must, within thirty days after imposition of the sentence or, as the case may be, within thirty days after service upon such party of a copy of an order not included in a judgment, file with the clerk of the criminal court in which such sentence was imposed or in which such order was entered a written notice of appeal, in duplicate, stating that such party appeals therefrom to a designated appellate court. . . ."

N.Y. CRIM. PROC. LAW § 460.10(1)(a).

[4] In *Bethea*, 293 F.3d at 578, petitioner pleaded guilty on February 16, 1999, and he waived his right to appeal the convictions as a condition of his plea bargain. On March 10, 1999, Bethea was sentenced to concurrent indeterminate terms of imprisonment for seven years to fourteen years for each of his offenses. He did not file a timely notice of appeal from the judgment of conviction. In *Bethea*, the one-year limitations period began running on April 9, 1999, when Bethea's 30-day time period for filing a notice of appeal from his judgment of conviction expired. *Id.* (citing N.Y. Crim. Proc. Law § 460.10(1)).

[5] "Upon motion to an intermediate appellate court of a defendant who desires to take an appeal to such court from a judgment, sentence or order of a criminal court but has failed to file a notice of appeal, an application for leave to appeal, or, as the case may be, an affidavit of errors, with such criminal court within the prescribed period, or upon motion to the court of appeals of a defendant who desires to take an appeal to such court from an order of a superior court or of an intermediate appellate court, but has failed to make an application for a certificate granting leave to appeal to the court of appeals, or has failed to file a notice of appeal with the intermediate appellate court, within the prescribed period, such intermediate appellate court or the court of appeals, as the case may be, may order that the time for the taking of such appeal or applying for leave to appeal be extended

Furthermore, Plato did not file a qualifying motion under 28 U.S.C. § 2244(d)(3) until 2003, some two years after the one-year statute of limitations period expired in 2001. The Second Circuit has held that "'proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not *reset* the date from which the one-year statute of limitations begins to run.'" *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (emphases added in *Bethea*). Thus, neither of Plato's C.P.L. § 440.10 motions had any effect on the commencement of the limitations period because they were filed well after the limitations period had actually expired. *See Smith*, 208 F.3d at 17.

Because Plato has alleged that the insurance company documentation constitutes "newly discovered evidence," the Court has reviewed the timeliness issue in terms of 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D) provides a different start-date for the limitations period, stating that it does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." in an effort to determine whether Plato entitled to a later start-date of the limitations period. However, "Section 2244(d)(1)(D), which allows the limitations period to be measured from the date on which the factual predicate of the claim could have been discovered through due diligence, can only apply to a claim for which the factual predicate is neither known nor reasonably

---

to a date not more than thirty days subsequent to the determination of such motion, upon the ground that the failure to so file or make application in timely fashion resulted from (a) improper conduct of a public servant or improper conduct, death or disability of the defendant's attorney, or (b) inability of the defendant and his attorney to have communicated, in person or by mail, concerning whether an appeal should be taken, prior to the expiration of the time within which to take an appeal due to defendant's incarceration in an institution and through no lack of due diligence or fault of the attorney or defendant. Such motion must be made with due diligence after the time for the taking of such appeal has expired, and in any case not more than one year thereafter."

N.Y. CRIM. PROC. LAW § 460.30(1).

discoverable at the time the petitioner's judgment becomes final." *Breeden v. Phillips*, No. 05-CV-1248 (RJD), 2005 WL 1971016, at *3 (E.D.N.Y. Aug. 15, 2005) ("Here, petitioner cannot claim that his challenge to his consecutive sentence was unknown to him. Because these claims are based on petitioner's sentencing on July 16, 1996, section 2244(d)(1)(D) is inapplicable.") (citing *Celaj v. Artuz*, No. 98 Civ. 7365, 2001 WL 736782, at *7 (S.D.N.Y. June 28, 2001) (where the grounds for the habeas claims existed at and before trial, 28 U.S.C. § 2244(d)(1)(D) is inapplicable). Where documents could "have been obtained earlier through the exercise of due diligence," a petitioner's procurement of them under a belated FOIL [or other] request does not constitute "new evidence" under § 2244(b)(1)(D). *Sorce v. Artuz*, 73 F. Supp.2d 292, 298 (E.D.N.Y. Nov. 10, 1999); *see also Devraux v. Schriver*, 98 Civ. 7563 (MBM), 1999 WL 1095580 *3 (S.D.N.Y. Dec. 3, 1999); *Tineo v. Strack*, CV 98-834(RJD), 1998 WL 938950 *3 (E.D.N.Y. Nov. 12, 1998); *Youngblood v. Greiner*, 97 Civ. 3289 (DLC), 1998 WL 72068 *6 (S.D.N.Y. Oct. 13, 1998). Therefore, I recommend concluding that Plato is not entitled to a later start date as set forth in 28 U.S.C. § 2244(d)(1)(D).

In any event, under the circumstances present here, whether the amount of damages in this case was less than the statutory threshold in N.Y. Penal Law § 140.10 is immaterial. Plato essentially is complaining that the trial court, the prosecutor, and defense counsel all misled him into thinking that the amount of damages was more than $1,500, but they were mistaken, and that if he had known that the damages were in reality less than $1,500, then he could not have validly pleaded guilty to criminal mischief in the second degree under N.Y. Penal Law § 140.10. This claim misses the mark. Where, as here, "a plea is taken to a crime lesser than that charged in the indictment, a factual colloquy is not required[.]" *People v. Tirado*, 214 A.D.2d 1044, 1045

(App. Div. 4th Dept. 1995) (no factual allocation required where defendant's plea to attempted sexual abuse in the first degree was in satisfaction of a lesser charge, i.e., sexual abuse in the first degree) (citing *People v. Gould*, 207 A.D.2d 989, 617 N.Y.S.2d 687 (App. Div. 4th Dept. 1994) ("Defendant pleaded guilty to reckless endangerment in the first degree. We reject the contention of defendant that County Court erred in accepting his guilty plea without a sufficient factual allocution. Because defendant pleaded guilty to a crime lesser than the crimes initially charged, a factual allocution was not necessary[.]"), *appeal denied*, 84 N.Y.2d 1032 (N.Y. 1995)).

Neither 28 U.S.C. § 2244(d)(1)(B) or § 2244(d)(1)(C) are, by their terms, applicable to Plato's case. Section 2244(d)(1)(B) deals with the situation where State action has created an impediment to filing an petitioner's filing of application by in violation of the Constitution or laws of the United States. Section 2244(d)(1)(C) encompasses situations where the petitioner asserts a constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Finally, I turn the question of whether Plato is entitled to have the limitations period equitably tolled. He essentially seems to be arguing that the limitations period should be tolled because he is actually innocent of the offense to which he pled guilty, because there were insufficient damages to meet the $1,500 statutory threshold for proving second degree criminal mischief.

The Second Circuit has "previously declined to rule on whether 'the Constitution requires an 'actual innocence' exception to [the] AEDPA's statute of limitations." *Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir.2003) (quoting *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000), *cert. denied*, 531 U.S. 873, 121 S.Ct. 175, 148 L.Ed.2d 120 (2000)).

However, the Second Circuit has stated that, if actual innocence were provide a basis for tolling the limitations period, the first step is for the reviewing court to evaluate whether a petitioner has made a credible showing of actual innocence based upon the "delineation of the evidentiary showing necessary to demonstrate actual innocence" in *Schlup v. Delo*, 518 U.S. 298 (1995). Doe, 391 F.3d at 161. Under this standard, petitioner would be required to present "'new reliable evidence-whether it be exculpatory scientific evidence, trustworthy accounts, or other critical physical evidence-that was not presented at trial.'" *Id.* (quoting *Schlup*, 513 U.S. at 324). If petitioner presented such evidence, the court would weigh that evidence against all the evidence pointing to petitioner's guilt to determine whether "it is 'more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt.'" *Id.* at 162 (quoting *Schlup*, 513 U.S. at 327). *See also United States v. Torres*, 163 F.3d 909, 912 & n. 15 (5th Cir.1999) ("We apply this 'reasonable juror' standard even though the petitioner's conviction was obtained pursuant to a guilty plea," citing *Bousley*); *Rosario v. United States*, 164 F.3d 729, 733 (2d Cir.1998) (applies actual innocence standard of reasonable juror to guilty plea, citing *Bousley*), cert. denied, 119 S.Ct. 2355 (1999). The Supreme Court has stated that "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousely*, 523 U.S. 614. In *Bousley*, the Supreme Court also held that "[i]n cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley v. United States*, 118 S.Ct. at 1612. In other words, a petitioner must show actual innocence of the charge to which the petitioner pleaded guilty and actual innocence of any more serious charges dropped by the prosecutor as part of the plea bargain. Plato has not even attempted to make such a

showing, and it is extremely doubtful that he would be able to do so given the factual circumstances of his crimes.

Moreover, even assuming for the sake of argument that the proof of the insurance company's payment to the police department somehow constitutes "new reliable evidence" within the meaning of *Schlup*, and would encompass Plato's claim that his plea was not knowing and voluntary due to, e.g., his counsel's alleged ineffectiveness in failing to obtain the, or due to the prosecutor's purported fraud upon the court, Plato still does not have colorable claim that he falls into the exceptional class of "actually innocent" petitioners. This is because, as discussed above, he plainly cannot show that he acted with reasonable diligence throughout the period he seeks to toll. *See Smith*, 208 F.3d at 17.

## IV. Conclusion

For the reasons set forth above, the Court recommends dismissing Richard K. Plato's federal habeas petition as time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). I further recommend finding that Plato is not entitled to have the limitations period equitably tolled. Because Plato has not made a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: March 30, 2009
      Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: March 30, 2009
Rochester, New York